UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>LASZLO MIKLOS CSOKA,<br><br>aka Lasklo Andre Schoka<br>aka Laslo Schoka<br>aka John Romero<br>aka Leslie Andre Choka<br>aka Leslie Andre Jacque<br>aka Robert Feldman<br><br>Defendant. | Case No. 3:11-cr-00002-RCJ-VPC<br><br>ORDER<br>GOVERNMENT'S MOTION IN LIMINE RE: APPROVED FORM I-130 DEFENSES |

**CERTIFICATION:** The undersigned counsel certifies that this motion is timely filed.

The United States of America, by and through its attorneys, DANIEL G. BOGDEN, United States Attorney for the District of Nevada, and CARLA B. HIGGINBOTHAM, Assistant United States Attorney, hereby moves to exclude testimony and evidence related to Defendant's claim that he entered the United States with permission and in good faith based upon his presentation of an approved I-130 Form at a Canadian Port of Entry. This motion is based upon the attached points and authorities, the exhibits attached hereto, and such other matters as the Court may wish to consider.

///
///
///
///

1

# POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 23, 2011, Defendant Laszlo Miklos Csoka was charged in a two-count superseding indictment charging him with violations of: (1) 8 U.S.C. § 1326(a), unlawful re-entry by a deported, removed or excluded alien; and (2) 18 U.S.C. § 1546(a), false swearing in an immigration matter. Trial in this matter is currently set for June 28, 2011 at 8:30 a.m.

At trial, the Government will be required to prove that: (1) Defendant was an alien at the time alleged in the indictment; (2) Defendant was deported or removed from the United States; (3) Defendant was found in the United States after his deportation or removal; (4) Defendant voluntarily entered the United States; and (5) Defendant had not obtained the consent or permission of the Secretary of Homeland Security (or formerly the Attorney General) to re-apply for admission to the United States prior to his return.

It is anticipated that Defendant will attempt to introduce evidence that he re-entered the United States using an approved Form I-130 at a Canadian Port of Entry in late 1998.[1] The Government anticipates that the purpose of this evidence will be to support one of two arguments: (1) that Defendant had consent or permission to re-enter the United States based upon the receipt of the approved Form I-130; and/or (2) that by allowing Defendant to re-enter the United States after showing his approved I-130, Defendant believed that he had consent or permission to re-enter. Based on either one or both of these theories, the Government anticipates that Defendant will argue that he cannot be convicted of illegal re-entry under Section 1326(a).

As a starting point, there is no proof or evidence that Defendant actually entered the United

---

[1] An I-130 Form, or "Petition for Alien Relative," is a form filed by a lawful resident or citizen of the United States on behalf of an alien. *See Drax v. Reno*, 338 F.3d 98, 114 (2d Cir. 2003). The sole purpose of the petition is to establish that a qualifying relationship exists between the petitioner and the alien in order to obtain priority in the visa application process. *United States v. Atandi*, 376 F.3d 1186, 1190-91 (10th Cir. 2004) (explaining I-130 Form and its use). An I-130 Form is **not** an application for admission into the United States. *See id*. Moreover, if approved, the I-130 merely results in the classification or determination that the alien is, in fact, an immediate relative of the petitioner. An approved I-130 does not grant any legal status to the alien. *United States v. Asibor*, 109 F.3d 1023, 1035-1036 (5th Cir. 1997).

2

States through a Canadian Port of Entry as he claims. In fact, to date, the Government has been unable to locate any record that Defendant re-entered the United States through a Canadian Port of Entry.

However, even if it is assumed **for purposes of this motion and this motion only**,[2] that Defendant did re-enter the United States using his approved Form I-130 at the Canadian border, this form did not grant him consent or permission to re-enter the United States as a matter of law. Moreover, pursuant to established Ninth Circuit precedent, "good faith" is not a defense to a charge of illegal re-entry. Therefore, any testimony or evidence related to Defendant's alleged use of an approved Form I-130 at the border is irrelevant and inadmissible. Accordingly, the Government requests that the Court enter an order excluding this testimony and evidence from trial.

II. LEGAL ARGUMENT

    A. <u>Evidence of Defendant's Approved I-130 Form is Irrelevant and Should Be Excluded From Trial</u>.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. To be considered relevant, the evidence must have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed. R. Evid. 401. In this instance, evidence that Defendant entered the United States using an approved I-130 at the Canadian border is irrelevant because it does not relate to any fact of consequence in this case.

First, this evidence does not establish that Defendant had consent or permission to enter the country. The Ninth Circuit has unequivocally held that an "approved I-130 Form does not constitute 'consent' to enter the United States under 8 U.S.C. § 1326(a)(2)." *United States v. Hermosa-Garcia*, 413 F.3d 1085, 1088 (9th Cir.2005); *see also United States v. Robles*, 215 F.3d 1323 (4th Cir. 2000)(district court properly excluded evidence of approved I-130 Form because it did not constitute consent or permission to re-enter) (unpublished disposition) (cited as example only). Accordingly, evidence related to Defendant's approved Form I-130 has no relevance to the issue of whether

---

[2] To be clear, the Government is not conceding that Defendant entered the country in the manner that he claims. However, for purposes of this motion and this motion only, the Government will assume these facts as true for the sole purpose of resolving the admissibility of this evidence.

3

Defendant had consent to enter the United States for purposes of a Section 1326 charge and it should be excluded.

Moreover, "good faith" is not a defense to a charge of illegal re-entry under Section 1326(a). *See United States v. Leon-Leon*, 35 F.3d 1428 (9th Cir. 1994). The Ninth Circuit has long held that the crime of illegal re-entry under Section 1326 is a general intent crime. *See Pena-Cabanillas v. United States*, 394 F.2d 785 (9th Cir. 1968). As such, the Government is not required to prove that the alien knew that he was entering the United States illegally. *Leon-Leon*, 35 F.3d at 1432. Rather, it is only necessary to prove that the alien entered the United States voluntarily. *United States v. Ayala*, 35 F.3d 423, 426 (9th Cir. 1994).

In *Leon-Leon*, the defendant offered evidence at trial that he was in possession of a green card when he re-entered the United States. *Id.* at 1432. He asserted that this evidence would "establish that he **reasonably believed** he had permission to reenter the United States." *Id.* (emphasis added). The Ninth Circuit upheld the exclusion of this evidence because whether the defendant reasonably believed that he could re-enter the country was irrelevant to the crime charged. *Id.* at 1433.

Here, it is believed that Defendant seeks to admit testimony and evidence that he re-entered the country in "good faith" based upon his re-entry into the United States at a Canadian Port of Entry using his approved I-130. However, whether Defendant had a good faith belief that he had consent or permission to re-enter the country is irrelevant. Rather, all that is relevant is whether Defendant re-entered the country voluntarily and whether he had actual consent or permission to do so from the Department of Homeland Security (or formerly the Attorney General). As such, as in *Leon-Leon*, evidence related to Defendant's alleged good faith is irrelevant and must be excluded from trial.

///
///
///
///
///
///
///

4

## IV. CONCLUSION

In sum, evidence and testimony of Defendant's alleged re-entry into the United States through the Canadian border using an approved I-130 is irrelevant. Therefore, the Government respectfully requests that the Court grant its motion in limine and exclude this evidence from trial.

ORDER

IT IS SO ORDERED.

DATED: 06-14-2011.

_____
ROBERT C. JONES
Chief Judge

5